**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASKARAN SINGH,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-73007

Agency No. A208-205-877

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 11, 2022
Seattle, Washington

Before:  CHRISTEN, LEE, and FORREST, Circuit Judges.

     Petitioner Jaskaran Singh, a native and citizen of India, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. §

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1252, and we deny the petition. Because the parties are familiar with the facts of this case, we need not recite them here.

Substantial evidence supports the agency's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–42 (9th Cir. 2010) (stating standard of review). "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted).

The agency found petitioner's statements not credible because, although petitioner testified that the police told him that they would falsely accuse him, beat him up, and throw him in jail if he came back to the police, petitioner did not mention the police threat in his credible fear interview. Petitioner argues that the asylum officer did not provide him an opportunity to include the police threats during his asylum office interview and stated that he tried to provide testimony to the officer to explain the police threats but the officer stopped him. As the IJ noted, however, there is no indication in the record that petitioner was prevented from providing information related to the police threats. Indeed, the asylum officer asked petitioner multiple questions to elicit testimony about his fear of the police, specific questions about the police, and open-ended questions. *See Silva-Pereira v.*

*Lynch*, 827 F.3d 1176, 1185–87 (9th Cir. 2016) (affirming the agency's adverse credibility determination in part because petitioner failed to disclose "pivotal" or "crucial" events, or events that would create a more compelling fear of persecution).

As another example, petitioner testified that after he left India, his parents told him members of the police, the Badal Party, and the BJP Party came to their house to look for him three to four times because of his affiliation with the Mann Party. But petitioner's father's affidavit did not mention these incidents, and he was not called to testify as a witness. The agency considered petitioner's explanations, including that his father is not educated, but rejected them. *Shrestha*, 590 F.3d at 1044 ("[I]n evaluating inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all." (citation omitted)). The agency properly considered "the totality of the circumstances[] and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner has failed to show that the record compels us to reach a contrary conclusion. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007) ("Although a reasonable factfinder could have found Petitioner credible, no such finding is compelled by the evidence." (emphases omitted)).

3

Substantial evidence also supports the agency's denial of petitioner's claim for protection under CAT. *See Shrestha*, 590 F.3d at 1048 (stating standard of review). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Id.* But because petitioner's testimony was found not credible, other evidence in the record must compel the conclusion that he "is more likely than not to be tortured." *See id.* at 1048–49 (citation omitted). The agency did not err in concluding that petitioner is not entitled to protection under CAT because there was insufficient objective evidence, beyond petitioner's discredited testimony, to demonstrate that he is more likely than not to be tortured if returned. Petitioner failed to meet his burden of establishing eligibility for withholding of removal or protection under CAT. *See id.*

**PETITION DENIED.**